UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
In re                                                            :    Chapter 15
                                                                 :
**CENTRAIS ELÉTRICAS DO PARÁ S.A. –** *EM*                       :    Case No. 12-14568 (SCC)
*RECUPERAÇÃO JUDICIAL*,[1]                                       :
                                                                 :
    **Debtor in a Foreign Proceeding.**      :
                                                                 :
---------------------------------------------------------------- x

**ORDER GRANTING RECOGNITION OF FOREIGN MAIN PROCEEDING AND
CERTAIN RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of Mauro Chaves de Almeida, in his capacity as the authorized foreign representative (the "**Foreign Representative**") for Centrais Elétricas do Pará S.A. – *em recuperação judicial* (the "**Debtor**") in connection with the ongoing case of judicial reorganization number 0005939-47.2012.814.0301 (the "**Brazilian Proceeding**") commenced in the Federative Republic of Brazil pursuant to Federal Law 11.101 of February 9, 2005 pending before the Thirteenth Civil Court of Belém, State of Pará (the "**Brazilian Court**"), pursuant to sections 1504, 1507, 1509, 1517, 1520, 1521, and 105(a) of title 11 of the United States Code, as amended from time to time (the "**Bankruptcy Code**") for entry of an Order (this "**Order**") after notice and a hearing, (a) granting the verified petition in this case and recognizing the Brazilian Proceeding as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code, (b) giving full force and effect in the United States to the Brazilian Court's Plan Approval Order and the Brazilian Plan, which was approved by the Plan Approval Order,

---

[1] The last four digits of the Debtor's Brazilian Corporate Taxpayer Registration Number are 01-80. The Debtor's executive headquarters is located at Rodovia Augusto Montenegro s/n, Km 8,5 – CEP 68823-010, Belém, Pará, Brazil.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

NYDOCS03/959082.3

(c) permanently enjoining all parties from commencing or taking any action in the United States to obtain possession of, exercise control over, or assert claims against the Debtor or its property, (d) authorizing and directing the DTC and the Trustee (to the extent set forth herein) to take any and all ministerial actions necessary to give effect to the terms of the Brazilian Plan, (e) relieving the Trustee of any further obligations under the Indenture upon the consummation of all actions required prior to and on the Investment Date, and (f) granting such other and further relief as the Court deems just and proper; and it appearing that this Court has jurisdiction to consider the Motion pursuant to sections 157 and 1334 of title 28 of the United States Code, and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York dated as of January 31, 2012; and this Court having reviewed the Motion, the Petition for Recognition, the Almeida Declaration, and the statements of counsel with respect to the Motion at a hearing before this Court (the "**Hearing**"); and appropriate and timely notice of the filing of the Motion and the Hearing having been given; and no other or further notice being necessary or required; and this Court having determined that the legal and factual bases set forth in the Motion, the Petition for Recognition, the Almeida Declaration, and all other pleadings and papers in this case establish just cause to grant the relief ordered herein, and after due deliberation therefor;

**THIS COURT HEREBY FINDS AND DETERMINES THAT:**

A.     The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

2

   B. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York dated as of January 31, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).  Venue for this proceeding is proper before this Court pursuant to 28 U.S.C. § 1410.

   C. The Foreign Representative is the duly appointed "foreign representative" of the Debtor within the meaning of section 101(24) of the Bankruptcy Code.

   D. This chapter 15 case was properly commenced pursuant to sections 1504, 1509, and 1515 of the Bankruptcy Code.

   E. The Foreign Representative has satisfied the requirements of section 1515 of the Bankruptcy Code and Bankruptcy Rule 2002(q).

   F. The Brazilian Proceeding is a "foreign proceeding" pursuant to section 101(23) of the Bankruptcy Code.

   G. The Brazilian Proceeding is entitled to recognition by this Court pursuant to section 1517 of the Bankruptcy Code.

   H. The Plan Approval Order should be given full force and effect in the United States.

   I. The State of Pará in the Federative Republic of Brazil is the center of main interests of the Debtor, and accordingly the Brazilian Proceeding is a "foreign main proceeding" as defined in section 1502(4) of the Bankruptcy Code, and is entitled to recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code.

NYDOCS03/959082.3

J. The Foreign Representative and the Debtor, as applicable, are entitled to all the automatic relief available pursuant to section 1520 of the Bankruptcy Code without limitation.

K. The Foreign Representative and the Debtor, as applicable, are further entitled to the additional assistance and discretionary relief requested in the Motion pursuant to sections 1507 and 1521(a) of the Bankruptcy Code.

L. Absent permanent injunctive relief, the Brazilian Proceeding and the Debtor's efforts to consummate the Brazilian Plan may be thwarted by the actions of certain creditors, a result inimical to the purposes of chapter 15 of the Bankruptcy Code as set forth, *inter alia*, in section 1501(a) of the Bankruptcy Code. Such actions could threaten, frustrate, delay, and ultimately jeopardize the Brazilian Proceeding and implementation of the Brazilian Plan.

M. The relief sought by the Motion will not cause undue hardship or inconvenience to any party in interest and, to the extent that any hardship or inconvenience may result to such parties, it is outweighed by the benefits of the requested relief to the Foreign Representative, the Debtor, its estate, and all of its creditors.

N. The relief granted herein is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, and warranted pursuant to sections 1504, 1507, 1509, 1517, 1520, 1521, and 105 of the Bankruptcy Code.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Petition for Recognition and the Motion are granted.

2. The Brazilian Proceeding is granted recognition as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code.

3. The Foreign Representative is the duly appointed foreign representative of the Debtor within the meaning of section 101(24) of the Bankruptcy Code and is authorized to act on behalf of the Debtor in this chapter 15 case.

4. The Plan Approval Order and the Brazilian Plan, including any amendments or modifications thereto, and subject to all limitations and conditions precedent set forth therein, are hereby recognized and given full force and effect in the United States.

5. All relief afforded foreign main proceedings pursuant to section 1520 of the Bankruptcy Code is hereby granted to the Brazilian Proceeding, the Debtor, and the Foreign Representative, as applicable.

6. Subject to sections 1520 and 1521 of the Bankruptcy Code, the Brazilian Proceeding, the Brazilian Plan, all orders of the Brazilian Court approving the same, and the transactions consummated or to be consummated thereunder, shall be granted comity and given full force and effect in the United States to the same extent that they are given effect in the Federative Republic of Brazil, and each is binding on all creditors of the Debtor, including all Noteholders (as defined in the Almeida Declaration), as well as the DTC and the Trustee, and any of their successors or assigns.

7. Subject to Paragraph 10, all entities (as that term is defined in section 101(15) of the Bankruptcy Code), other than the Foreign Representative and his expressly authorized representatives and agents, are hereby enjoined from:

    a. execution against any of the Debtor's assets;

    b. the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, arbitral, or other action or proceeding, or to recover a claim, which in either

5

        case in any way relates to, or would interfere with, the administration of the Debtor' estates in the Brazilian Proceeding or the solicitation, implementation, or consummation of the transactions contemplated by the Brazilian Plan, including without limitation any and all unpaid judgments, settlements, notes, or otherwise against the Debtor in the United States;

  c.  taking or continuing any act to create, perfect, or enforce a lien or other security interest, set-off, or other claim against the Debtor or any of its property;

  d.  transferring, relinquishing, or disposing of any property of the Debtor to any entity (as that term is defined in section 101(15) of the Bankruptcy Code) other than the Foreign Representative;

  e.  commencing or continuing an individual action or proceeding concerning the Debtor' assets, rights, obligations, or liabilities to the extent they have not been stayed pursuant to section 1520(a) and 362 of the Bankruptcy Code; and

*provided*, in each case, that such injunction shall be effective solely with respect to assets and property located, and actions and proceedings commenced, within the territorial jurisdiction of the United States.

8. All entities are permanently enjoined from taking any action within the territorial jurisdiction of the United States that is in contravention of or that is inconsistent with the Brazilian Plan.

9. With respect to claims based upon, concerning or relating in any way to the Unsecured Notes or the solicitation and/or implementation of the Brazilian Plan, all persons and entities are enjoined and restrained from taking any action within the territorial jurisdiction of the United States (including, without limitation, commencing or continuing any action or legal proceeding (including, without limitation, bringing suit in any court, arbitration, mediation, or any judicial or quasi-judicial, administrative or regulatory action, proceeding or process whatsoever), including by way of counterclaim (and from seeking discovery of any nature related thereto)) that would interfere with or impede the administration, implementation and/or

6

consummation of the Brazilian Plan and/or the terms of this Order against the Debtor, the Foreign Representative, the Trustee, or the DTC.

10. Notwithstanding anything to the contrary contained herein, this Order shall not be construed as enjoining (a) the police or regulatory act of a governmental unit, including a criminal action or proceeding, to the extent not stayed pursuant to section 362 of the Bankruptcy Code or staying the exercise of any rights that section 362(o) of the Bankruptcy Code does not allow to be stayed, (b) any action permitted or contemplated by (i) the Brazilian Plan or (ii) any agreement entered into in connection with the Brazilian Plan, or (c) solely to the extent that the Brazilian Plan is no longer effective under Brazilian law for any reason, any action that is not prohibited by the Brazilian Court or Brazilian law.

11. The Foreign Representative is hereby authorized to apply to this Court to examine witnesses, take evidence, seek production of documents, and deliver information concerning the assets, affairs, rights, obligations, or liabilities of the Debtor, as and to the extent that such information is required in connection with the Brazilian Proceeding.

12. The DTC and the Trustee are hereby authorized and directed to take any ministerial actions, within the context of this chapter 15 proceeding and the Brazilian Proceeding and that are not contrary to any rule, regulation, or internal process or procedure binding on or applicable to the DTC or the Trustee, that may be necessary to consummate the transactions contemplated by the Brazilian Plan, including the execution by the Trustee of the Supplemental Indenture among the Trustee, the Debtor, and Equatorial.

13. Upon the consummation of the transactions necessary to consummate the distribution to the Noteholders pursuant to the Brazilian Plan, the Trustee shall be relieved of any further obligations under the Indenture.

14.     Nothing in this Order shall affect the rights of the Trustee to collect its fees and expenses from the Noteholders or its lien on any payments made with respect to the Unsecured Notes; it being acknowledged that the Trustee intends to exercise its rights under the Indenture to apply payments received under the Brazilian Plan to first pay the fees and expenses of its counsel and any other professionals retained by it to the extent such payments exceed the amounts paid to it in respect of such fees and expenses hereunder.  As a condition to the Trustee's taking the action contemplated to effectuate the Brazilian Plan, the Debtor, Equatorial, and/or their respective designees shall, within four business days of the entry of this Order, (a) pay the reasonable and documented fees and expenses incurred by the Trustee through and including the date of this Order, and (b) reimburse the Trustee upon its request for all reasonable and documented additional expenses and disbursements incurred or made by the Trustee (including the compensation and expenses, advances, and disbursements of its counsel and of all Persons not regularly in its employ) when and as would be required by the terms of the Indenture if it had not terminated, discharged, supplemented or satisfied (*provided that* amounts paid to the Trustee pursuant to parts (a) and (b) of this Paragraph 14 shall not exceed $700,000 in the aggregate).  In addition, the Debtor, Equatorial, and/or their respective designees shall, within four business days of the entry of this Order, pay the reasonable and documented (i) fees and expenses of the advisors to the *ad hoc* group of Noteholders, and (ii) travel expenses of members of the *ad hoc* group of Noteholders (*provided that* amounts paid pursuant to parts (i) and (ii) of this Paragraph 14 shall not exceed $1,220,000 in the aggregate).

15.     The Foreign Representative, the Debtor, and/or each of their respective successors, agents, representatives, advisors, and counsel shall be entitled to the protections contained in sections 306 and 1510 of the Bankruptcy Code.

16. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) this Order shall be effective immediately and enforceable upon entry; (b) the Foreign Representative is not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (c) the Foreign Representative is authorized and empowered, and may in his discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

17. A copy of this Order, confirmed to be true and correct, shall be served, within seven business days of entry of this Order, by facsimile, electronic mail, or overnight express delivery, upon all persons or bodies authorized to administer foreign proceedings of the Debtor, any parties to litigation pending in the United States in which the Debtor was a party at the time of the filing of the Petitions for Recognition, the Office of the United States Trustee for the Southern District of New York, and such other entities as this Court may direct. Such service shall be good and sufficient service and adequate notice for all purposes.

18. This Court shall retain jurisdiction with respect to the enforcement, amendment, or modification of this Order and any requests for additional relief or any adversary proceeding brought in and through this case.

Dated: December 12, 2012
New York, New York

> */s/ Shelley C. Chapman*
> HONORABLE SHELLEY C. CHAPMAN
> UNITED STATES BANKRUPTCY JUDGE